IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERMAN DUTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-cv-693 JPG |
| ) | |
| AMERICAN RIVER TRANSPORTATION ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Herman Duty filed this lawsuit under the Jones Act, 46 U.S.C. ¶ 30104 *et seq.* and the Maritime Law of the United States. He seeks compensatory damages, maintenance and cure, costs, and attorneys fees for injuries he suffered while employed by Defendant American River Transportation Company ("Artco") as a deckhand on a towboat.

In its answer to the complaint, Defendant Artco raised the affirmative defense that it is not obligated to pay maintenance and cure because Plaintiff failed to reveal a prior back problem on a pre-employment health questionnaire. Under maritime law, an employer is absolved from paying maintenance and cure when an employee misrepresents his or her medical status when seeking employment. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 549 (5th Cir. 1968). To succeed on a *McCorpen* defense, a defendant must show that 1) the employee "intentionally misrepresented or concealed medical facts," (2) those facts were "material" to the employer's decision whether or not to hire the employee, and 3) there exists a nexus between the information withheld and the injury incurred. *Brown v. Parker Drilling Offshore Corporation*, 410 F.3d 166, 170 (5th Cir. 2005).

On March 30, 2010, the Court held a telephonic discovery dispute conference in the action (Doc. 20). Defendant objected to Plaintiff's Interrogatory 23, which sought names and phone numbers of Artco employees, past and present, who had made misrepresentations on pre-employment questionnaires, and Request for Production 41, which sought employment records for those employees.[1]

Defendant argued that employment information regarding other Artco employees did not satisfy the relevancy requirement of Fed. R. Civ. P. 26(b)(1) because such information is not "reasonably calculated to lead to the discovery of admissible evidence." In response, Plaintiff argued that such information is relevant to disproving that Plaintiff's misrepresentation was "material" to Defendant's decision to hire him. The undersigned struck both the interrogatory and request for production, but granted Plaintiff leave to file a motion to compel on the issue in order to elaborate on his argument. That motion is now pending before the Court (Doc. 24).

## ANALYSIS

In the motion, Plaintiff asserts that Artco's *McCorpen* defense would fail if Artco would have hired Plaintiff even if he had truthfully disclosed his medical history. Plaintiff claims that the discovery sought would reveal whether the false representations were material to Defendant's hiring decisions and whether Defendant relied on the medical history form in hiring the Plaintiff.

---

[1] Interrogatory 23: State the names and phone numbers of all employees or former employees who have misrepresented information or included mistaken information on employment applications or pre-employment medical questionnaires during the period of ten years prior to December 23, 2007 until the present, the action taken by Defendant in response to each instance and a description of all incidents of forgiveness or reinstatement of an employee who was found to have made misrepresentations or mistakenly represented information on pre-employment applications or questionnaires.

Request for Production 41: All documents, emails, notes, records, memoranda or policies/procedures related to any instance in which it was discovered that an employee improperly filled out pre-employment medical information or failed to disclose a pre-employment injury for the period of ten years prior to December 23, 2007, to the present.

Plaintiff further argues that the "only means of determining whether a fact is material to Defendant's hiring decision is to review the criteria used by Defendant in its past hiring decisions" (Doc. 24, p. 4).  In response, Defendant urges that the discovery sought is not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, what Artco has done in the past "would not undermine the viability of the defense in this case" because it would not show whether Artco relied on Plaintiff's statements here.

Plaintiff's argument is not well taken.  Plaintiff has failed to show any good faith basis for believing that Artco has not relied on employee representations in either this case or any other.  Plaintiff has made no showing that Defendant is asserting the defense disingenuously.  Moreover, the Court has concern for the privacy of non-party employees and former employees of Artco.  As such, it is questionable whether the interrogatory and request for production are reasonably calculated to lead to the discovery of *admissible* evidence.  Accordingly, the Court affirms its earlier decision that the interrogatory and request for production are stricken.  The Plaintiff's Motion to Compel is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 24, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**